Filed 5/24/16  P. v. Johnson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B265561 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA064092) |
| v. | |
| ROBERTO EUGENE JOHNSON, | |
| Defendant and Appellant. | |

THE COURT:*

Appellant Roberto Eugene Johnson appeals from the trial court's order revoking his probation.  We appointed counsel to represent appellant on appeal.  After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised.  On January 7, 2016, we advised appellant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider.  While we granted appellant an extension to submit a response, to date, no response has been received.

We have reviewed the record and find that it supports the trial court's decision to revoke probation.  The record shows that on September 25, 2014, appellant was charged with failure to file a change of address by a mentally disordered sex offender (Pen. Code, § 290.013, subd. (a)).  Appellant pled no contest.  (A second count of violating a criminal

---

\*      BOREN, P. J., ASHMANN-GERST, J., HOFFSTADT, J.

protective order was dismissed.)  On February 4, 2015, the trial court sentenced appellant to a term of five years in state prison, and suspended execution of the sentence. Appellant was placed on formal probation for five years, with various conditions to be met, including that he perform 60 days of community labor, complete a 52-week domestic violence counseling program, obey all protective orders, and register as a sex offender.

The trial court entered a protective order regarding Valerie W. (Valerie), set to expire February 4, 2020.  After reciting the order in open court, the trial court addressed appellant:  "Let me make very clear to you, I will not hesitate to execute that sentence if you're caught with her . . . for any reason.  If she calls you up and wants to have a cup of coffee and you're minding your own business and you stay and talk to her, I'm going to put you in state prison for five years.  It is not a defense, if she invites you to violate that order, okay?"  Appellant responded, "All right."

On April 10, 2015, appellant and his attorney were back in the trial court seeking modifications of some of the probation terms, including the protective order, which Valerie was willing to have lifted.  The trial court stated:  "So while I appreciate the victim's request to lift the protective order, there's no way I'm going to lift it until I see what he's doing, if he's even doing his domestic violence classes.  So, for the moment, I'm going to revoke probation because he's not attending his classes, as he's ordered.  He may remain O.R. for the moment."  Later, the court stated:  "[A]s far as I'm concerned— and looking at this record, the fact that you are out of custody is a gift to you.  Don't blow it.  You go near this woman at all, you're going to prison.  I'm telling you that right now. Even if the cops stop you—I'm guessing you rode here with her today."  Appellant responded, "I live with her, Ma'am . . . .  Well, it's the truth.  What do you want, me to lie to her?"  The court then stated:  "He's going in custody, and we'll end the problem. All right.  He's going to be remanded.  Disregard the O.R."

At the subsequent probation violation hearing, appellant testified that he lied when he told the trial court he was living with Valerie, and admitted that he did not attend the domestic violence sessions.  The trial court found that appellant had violated several

terms of his probation, ordered probation revoked, and imposed the previously suspended sentence.

We are satisfied that appellant's attorney has fully complied with all of his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.